**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **THOMAS D. CROCK,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   2:08cv627 |
| | )   **Electronic Filing** |
| **COMMONWEALTH OF** | ) |
| **PENNSYLVANIA, PENNSYLVANIA** | ) |
| **STATE POLICE, PENNSYLVANIA** | ) |
| **STATE TROOPERS (CPL) JAMES** | ) |
| **BURGER, TIMOTHY MORANDO,** | ) |
| **BERNARD NOVAK, (SGT) GARY** | ) |
| **THOMPSON,** | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

March 8, 2010

**I.    INTRODUCTION**

Plaintiff, Thomas D. Crock ("Plaintiff" or "Crock") filed a  5 count complaint, *pro se*,

against Commonwealth of Pennsylvania (the "Commonwealth"), the Pennsylvania State Police

("PSP"), and Troopers James Burger ("Burger"), Timothy Morando ("Morando"), Bernard

Novak (Novak"), and Gary Thompson (Thompson")(collectively "Defendants"), alleging (1)

excessive force, (2) malicious prosecution; (3) false arrest or imprisonment; (4) assault; and (5)

intentional infliction of emotional distress. The Defendants have filed a motion for summary

judgment, Crock has responded and the matter is now before the Court.

In support of their motion for summary judgment, Defendants filed a Statement of

Undisputed Facts.  The Local Rules of the United States District Court for the Western District

of Pennsylvania require that Plaintiff file a responsive "concise statement which responds to each

numbered paragraph in the moving party's [statement of facts] by . . . admitting or denying

whether each fact contained [in the movant's statement of facts] . . . is undisputed and/or

material  . . . setting forth the basis for the denial if any fact . . . is not admitted in its entirety,

with appropriate reference to the record . . ." *See* L.R. 56.1(C)(1)(a) & (b).  Plaintiff's response

in this instance consists of a word for word replica of Defendants' statement, with the either "Dispt'.", "??", or "I/R" placed next to selected numbered paragraphs, and several references to Document 49 of the docket.  Plaintiff sets forth no basis for any of denial of a fact, and also fails to reference the record for each such denial.

Under our Local Rules. material facts set forth in a moving party's statement of facts will be deemed admitted for the purpose of deciding the motion for summary judgment "unless specifically denied or otherwise controverted by a separate concise statement of the opposing party." *See* L.R. 56.1(E).  Though this Court must give certain latitude to a *pro se* litigant, it is not for the Court to sort through the entire record to determine the basis of an alleged disputed fact.

## II.    STATEMENT OF THE CASE

On September 1, 2005, Trooper Morando was dispatched to a house in response to a burglar alarm.  Defendants' Statement of Undisputed Facts ("Def. SUF") ¶ 1.  At the house, Morando saw a basement window on the north side of the residence that appeared to have been pried open. Def. SUF ¶ 2.  The trooper saw that the front door of the residence was open and that several items were sitting on the porch.  Def. SUF ¶ 5.  Morando walked into the residence and observed a white male, who identified himself as Thomas Duff Crock, going through a desk. Def. SUF ¶¶ 7 & 8.  Crock was the only person in the house and he was not the owner of the house. Def. SUF ¶¶ 10 & 11.  Crock did not have the code to turn off the alarm system at the residence. Def. SUF ¶ 12.

Morando asked Crock to exit the residence, and once outside, Crock became confrontational.  Def. SUF ¶¶ 13 & 15.  Morando requested back-up, and Corporal Burger arrived on the scene.  Def. SUF ¶¶ 17 & 18.  Crock was then placed in handcuffs. Def. SUF ¶ 18.  The PSP Incident Report indicates that, while in handcuffs, Crock attempted to either strike or head butt Burger several times.  Def. SUF ¶ 19.  Crock was physically restrained, placed inside a

marked state police car and transported to the PSP barracks in Butler.  Def. SUF ¶ 21.  Crock was charged with disorderly conduct, a violation of 18 Pa. Cons. Stat. Ann. § 5503[1]. Def. SUF ¶ 27.

On September 2, 2005, Crock went to the PSP barracks at Butler; he drove a green Pontiac sedan and was the only occupant of the vehicle. Def. SUF ¶¶ 29 & 31.  Sergeant Thompson was the patrol shift supervisor, and he observed Crock's vehicle outside of the barracks. Def. SUF ¶¶ 31 & 37.  Two days later, Thompson ran Crock's license, learned his driving privileges had been suspended, and issued him a citation for  driving under suspension. Def. SUF ¶ 33..

### III.   Legal Standard for Summary Judgment

Pursuant to Fed. R. Civ. P 56(c), summary judgment shall be granted when there are no genuine issues of material fact in dispute and the movant is entitled to judgment as a matter of law.  To support denial of summary judgment, an issue of fact in dispute must be both genuine and material, *i.e.*, one upon which a reasonable fact finder could base a verdict for the non-moving party and one which is essential to establishing the claim.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). When considering a motion for summary judgment, the court is not permitted to weigh the evidence or to make credibility determinations, but is limited to deciding whether there are any disputed issues and, if there are, whether they are both genuine and material. *Id.*  The court's consideration of the facts must be in the light most favorable to the party opposing summary judgment and all reasonable inferences from the facts must be drawn in favor of that party as well.  *Whiteland Woods, L.P. v.  Township of West Whiteland,* 193 F.3d 177, 180 (3d Cir. 1999), *Tigg Corp. v. Dow Corning Corp.*, 822 F.2d 358, 361 (3d Cir. 1987).

When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. *See*

---

[1]   Crock pleaded *nolo contendere* to disorderly conduct at Butler County Criminal Case No. 2974 of 2005. Def. SUF ¶27.

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In the language of the Rule, the nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." FED. R. CIV. P 56(e).  Further, the nonmoving party cannot rely on unsupported assertions, conclusory allegations, or mere suspicions in attempting to survive a summary judgment motion. *Williams v. Borough of W. Chester*, 891 F.2d 458, 460 (3d Cir.1989) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The non-moving party must respond "by pointing to sufficient cognizable evidence to create material issues of fact concerning every element as to which the non-moving party will bear the burden of proof at trial." *Simpson v. Kay Jewelers, Div. Of Sterling, Inc.*, 142 F. 3d 639, 643 n. 3 (3d Cir. 1998), *quoting Fuentes v. Perskie*, 32 F.3d 759, 762 n.1 (3d Cir. 1994).  Moreover, the non-moving party cannot defeat a well supported motion for summary judgment by simply reasserting unsupported factual allegations contained in his pleadings. *Williams v. Borough of West Chester*, 891 F.2d 458, 460 (3d Cir. 1989).

## IV.    DISCUSSION

To establish a *prima facie* case under § 1983, a plaintiff must show that the action occurred under color of state law and that the action deprived the plaintiff of a constitutional right or a federal statutory right.  *See Parratt v. Taylor*, 451 U.S. 527, 535 (1981).  Here, Plaintiff has failed to show that he was in fact deprived of either a constitutional or federal statutory right.

A.    Excessive Force

Crock contends that Burger used excessive force in violation of the Fourth Amendment when forced to subdue and detain him while the troopers searched the house for evidence of crime or injury.  In determining whether excessive force was used during an arrest, the Third Circuit applies an "objective reasonableness" test. *Sharrar v. Felsing*, 128 F.3d 810, 820-821 (3d Cir. 1997).  The objective reasonableness test requires "attention to the facts and circumstances of each particular case, including the severity of the crime .  .  ., whether the

suspect poses an immediate threat to the safety of officers or others, and whether [the suspect] is actively resisting arrest or attempting to evade arrest . . ." *Sharrar v. Felsing*, 128 F.3d at 821. Crock is unable to produce evidence that the force used in this instance was excessive. Crock entered a house that was not his through a basement window, set off the burglar alarm, and was found in the house going through a desk. He was confrontational when questioned and Burger indicated that Crock attempted to strike or head butt him on more than one occasion. Moreover, there is no evidence in the record that Crock was physically injured in any way. Def. SUF ¶¶ 46 & 47.

The Supreme Court has stated that "not every shove or push, even if it may later seem unnecessary in the peace of the judge's chambers, . . . violates the Fourth Amendment . . . The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments-in circumstances that are tense, uncertain, and rapidly evolving-about the amount of force that is necessary in a particular situation." *Graham v. Connor*, 490 U.S. 386, 396 (1989). Based on the evidence of record, the Court is unable to find a material issue of fact regarding the use of force in this matter. There is simply no evidence that the force used in the handcuff and arrest of Crock was a violation of the Fourth Amendment. Summary judgment must be entered in favor of the Defendants on Crock's excessive force claim.

B.    <u>Malicious Prosecution</u>

In order to succeed on a malicious prosecution claim, a plaintiff must show that: (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or with a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of a liberty consistent with the concept of seizure as a consequence of a legal proceeding. *Estate of Smith v. Morasco*, 318 F.3d 497, 521 (3d Cir. 2003). Plaintiff falls woefully short of meeting any but the first element set forth above.

Crock does not dispute that he entered a plea of *nolo contendere* on the disorderly conduct charge.  In addition, there is no evidence that this conviction was reversed, overturned or otherwise questioned in any subsequent hearing.  Crock fails to direct this Court to any evidence that would infer that Defendants acted without probable cause.  Probable cause exists if there is a "fair probability" that the person committed the crime at issue.  *Wilson v. Russo*, 212 F.3d 781, 789-790 (3d Cir. 2000).  In a § 1983 action the issue of whether there was probable cause to make an arrest is usually a question for the jury, but "where  no genuine issue as to any material fact exists and where credibility conflicts are absent, summary judgment may be appropriate." *Deary v. Three Un-Named Police Officers*, 746 F.2d 185, 192 (3d Cir. 1984). The question is for the jury only if there is sufficient evidence whereby a jury could reasonably find that the police officers did not have probable cause to arrest. *Id.* at 190.

In this case, the troopers responded to a burglar alarm and found Crock in the residence, having gained access by forcing open a basement window.  Crock then became antagonistic and aggressive with Troopers Morando and Burger.  Under the facts and circumstances within the knowledge of the troopers, it was more than reasonable for Morando and Burger to believe Crock committed a crime.  There is no evidence in this instance whereby a jury could reasonably find that the police officers did not have probable cause to arrest.

Finally, there is no evidence in the record that any defendant in this matter acted maliciously.  Accordingly, summary judgment must be entered in favor of the Defendants on Crock's claim of malicious prosecution.

C.    False Arrest or Imprisonment

Crock alleges false arrest and/or false imprisonment based upon the incidents occurring on September 1, 2005.  Police may arrest absent a warrant when there is probable cause to believe that a criminal offense has been or is being committed. *Wright v. City of Philadelphia*, 409 F.3d 595, 601 (3d Cir. 2005).  As set forth above, this Court has already determined that Crock is unable to show that the troopers acted without probable cause.  Crock's false arrest

6

claim, then, must also fail.  Nor is there any evidence in the record that Crock was falsely imprisoned.

        D.      <u>Constitutional Deprivation at Preliminary Hearing</u>

Crock contends that his constitutional rights were violated on October 4, 2005, when Defendants Novak, Burger and Morando blocked his entry to the preliminary hearing at the office of District Magistrate Joseph O'Donnell.  Crock, however, fails to direct this Court to any part of the record that supports his claim.  This Court has no choice but to grant summary judgment in favor of Defendants.

        E.      <u>State Law Claims</u>

Crock contends that when Burger subdued him during the arrest, Burger committed a tortuous assault on him.  Crock is unable to prove any of the elements necessary for a civil assault.

Crock also contends that he is the victim of the intentional infliction of emotional distress.  To succeed on such claim, Crock must show the Defendants, by extreme and outrageous conduct, intentionally or recklessly caused severe emotional distress to him which resulted in bodily harm.  *See Taylor v. Albert Einstein Medical Center*, 754 A.2d 650, 652 (Pa. 2000).  Outrageous conduct is defined under Pennsylvania law as that which is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *See* RESTATEMENT (SECOND) TORTS § 46 (comment).

All the conduct complained of by Crock occurred during what this Court has determined to be a lawful arrest.  As a matter of law, such conduct was not outrageous.  Accordingly, summary judgment shall be entered on Crock's claim of intentional infliction of emotional distress.

**V.**    **CONCLUSION**

The Court finds that there are no material facts in dispute, and Crock is unable to direct

this Court to the portions of the record that support his claims. Accordingly, Defendants' motion

for summary judgment shall be granted.   An appropriate order will follow.


                                                    s/ David Stewart Cercone
                                                    David Stewart Cercone
                                                    United States District Judge

cc:      Thomas D. Crock
         P. O. Box 16394
         Pittsburgh, PA 15242

         Paul R. Scholle, Esquire
         Office of the Attorney General
         Civil Litigation
         6th Floor
         Manor Complex
         564 Forbes Avenue
         Pittsburgh, PA 15219